Hyman T. Maas, J.
This case presents an interesting question involving the relationship between the Family Court and courts of criminal jurisdiction when offenses involving child abuse or neglect are charged.
Defendant and his wife were charged, in a Family Court petition, with abusing and neglecting her children (defendant’s stepchildren). After all the hearings required by the Family Court Act were completed, that court (Caroline W. Branch, J.) made an “ Order of Disposition ” which, among other things, found the children were in fact neglected children within the meaning of the Family Court Act, ordered them placed in foster homes, and granted a protective order to the wife and children preventing defendant husband from seeing the wife or children. The Family Court also found that one of the children was “ abused ” as defined by the Family Court Act.
After the Family Court proceedings were completed, and the order of that court made, the District Attorney presented the matter to the Grand Jury, which indicted defendant for assaulting one of the children.
Defendant now moves this court for an order dismissing the indictment on the grounds that the Family Court never “ referred ” this matter to the County Court (Family Ct. Act, § 812), and therefore, the County Court has no jurisdiction. Defendant also asks that we transfer this matter to the Family Court.
For the purposes of this motion, we assume, without inspecting the Grand Jury minutes, that the acts now charged as felonies were also before the Family Court.
Our examination of article 8, Family Offenses Proceedings, and article 10, Child Protective Proceedings, compels the conclusion that the motion must be denied.
It is well settled that the Family Court Act in general, and article 8 .specifically, are remedial in nature. Article 8 was apparently intended to preserve the family unit under certain conditions of stress. The thrust of the article is that when cer *84 tain acts which are defined as crimes in the Penal Code are committed between or among members of a family or household (Family Ct. Act, §§ 811, 812), the Family Court should examine the matter first, to determine if the family unit would be better served by civil disposition rather than by allowing criminal charges. Therefore, if the assault alleged in this case was first brought to judicial attention in a court of criminal jurisdiction, that court would be required to transfer it to the Family Court within three days (Family Ct. Act, § 813).
However, that did not happen. This matter was initiated in the Family Court, and that proceeding is completed. Indeed, by its order, the Family Court has in effect ended the family relationship. The children are in foster homes, and the father cannot see either them or his wife.
The procedural problem arises because defendant was never charged in Family Court with any family offense under article 8. He was charged under article 10, which deals with child abuse.
Had defendant been charged with an offense under article 8, then we think section 845 of the Family Court Act would control, and absent specific referral to the County Court, the District Attorney could not take independent action. In such case, defendant would be correct, and the indictment would have to be dismissed.
Here, however, the Family Court proceedings were initiated pursuant to article 10 (Child Protective Proceedings), which does not prevent the District Attorney from taking independent action. To the contrary, subdivision (c) of section Í014 specifically allows concurrent proceedings in the Family and County Courts.
Furthermore, article 10 was added to the Family Court Act in 1970 (L. 1970, ch. 962, § 9), and in the same enactment, subdivision (b) was added to section 254 (L. 1970, ch. 962, § 7) to make the District Attorney a necessary party to all cases involving abuse.
Read together then, it seems clear that article 8 was intended to preserve the family unit, and article 10 was designed to protect children from members of their family. To effectuate these purposes, the Legislature provided that the Family Court would have original jurisdiction in either case (§§ 812; 1013, subd. [a]), but in the case of child abuse, concurrent criminal jurisdiction was specifically permitted (§ 1013, subd. [b] ; § 1014, subd. [c]).
Since the matter was initiated in the Family Court, it seems the remedial intent of the act was satisfied. That court had an opportunity to preserve the family unit, but as noted above did *85 the contrary. It would seem a futile gesture to return this matter to the Family Court for the purposes of preserving the family unit, when that court has already ruled on the matter and found the best interests of the parties were served when they were separated.
Defendant’s analysis of People v. Johnson (20 N Y 2d 220) is correct, but his reliance on that case in the present factual setting is misplaced.
The Johnson court merely amplified the statutory requirement that certain family offenses originate in Family Court. Of course, the present case did originate in Family Court.
If there had been no prior Family Court proceedings, and the present indictment were .returned, then we would be required to transfer this matter to the Family Court.
To do so when that court has already ruled on the matter would be a triumph of form over substance.
We do not think modem practice requires such a sterile act.
The motion for dismissal of the indictment is, in all respects, denied.